**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ESTATE OF ROBERT ARDT, a protected individual, By his Guardian and Conservator, CHRISTINE PARKER,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a foreign corporation,

        Defendant.
_____/

CASE NO. 09-14247

HON. MARIANNE O. BATTANI

**ORDER OVERRULING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION FOR RELIEF AND MODIFICATION OF ORDER GRANTING DEFENDANT'S MOTION TO COMPEL MEDICAL EXAMINATION PURSUANT TO FED. R. CIV. P. 60(b)(6)**

      Before the Court is Defendant's Objection (Doc. 49) to Magistrate Judge Michael Hluchaniuk's Order Denying Defendant's Motion for Relief and Modification of Order Granting Defendant's Motion to Compel Medical Examination Pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 45). The Court has reviewed the record and finds oral argument will not aid in the resolution of this dispute. See, E. D. Mich. LR 7.1(f)(2). For the reasons that follow, Defendant's Objection is **OVERRULED**.

**I. BACKGROUND**

      On November 8, 2000, Plaintiff Robert Ardt suffered a traumatic brain injury when struck by a motor vehicle as a pedestrian. Through his Guardian and Conservator (and sister) Christine Parker, Plaintiff brought this lawsuit against Defendant Allstate Insurance Company to recover benefits under the Michigan No-Fault Act. (Doc. 28). Since Plaintiff

placed his medical and cognitive functioning at issue, Defendant filed a Motion to Compel Independent Medical Evaluations Pursuant to MCL 500.3151 and Fed. R. Civ. P. 35 (Doc. 19), which the Court referred to Magistrate Judge Michael Hluchaniuk (Doc. 20). The Magistrate Judge granted Defendant's motion and ordered Plaintiff to attend examinations to be conducted by Dr. W. John Barker, a neuropsychologist, and Dr. Kneiser, a physical medicine and rehabilitation specialist. (Doc. 31). In that Order, the Magistrate Judge gave Plaintiff permission to have a trusted individual accompany him during the evaluations, such as Christine Parker.

Dr. Baker refused to conduct any neuropsychological examination of Plaintiff with a third-party present. He explained that a third-party's presence would invalidate his evaluation, affect Plaintiff's testing performance, and violate numerous ethical principles applicable to all psychologists through the American Psychological Association's Ethical Principles and Code of Conduct.

Upon learning that Dr. Baker would not perform an examination under the Order's conditions, Defendant filed a Motion for Relief and Modification of Order Granting Defendant's Motion to Compel Medical Examinations Pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. 32), which the Court also referred to Magistrate Judge Hluchaniuk (Doc. 33). Defendant argued that the Order Granting Defendant's Motion to Compel should be amended to the extent that Plaintiff cannot be accompanied in the examination room at the time of Dr. Baker's testing. After the issues were fully briefed, the Magistrate Judge heard oral argument and denied Defendant's motion. (Doc. 45). Defendant's timely Objections to that Order are now before the Court. (Doc. 49).

## II. STANDARD OF REVIEW

A party may object to a magistrate judge's nondispositive discovery orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the movant demonstrates the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. See, Anderson v. Bessemer City, N.C., 470 U.S. 564, 573-74 (1985). Instead, the standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 33 U.S. 364, 395 (1948).

## III. ANALYSIS

### A. Defendant's Objection

Defendant objects to the Magistrate Judge's finding that Plaintiff had established a "special need" that requires Christine Parker's attendance during a neuropsychological exam of Plaintiff. "[T]he general rule in federal court is that observers should not be allowed unless the person to be examined shows special need or good reason for the observer." Sultan v. Roush Industries Inc., 2008 WL 5188818, 2 (E.D. Mich. December 10, 2008) (citing Miller v. Village of Pinckney, 2008 WL 4190619, *2 (E.D. Mich. September 9, 2008)); see also, Cessante v. City of Pontiac, 2009 WL 1586553, *3 (E.D.Mich. June 4, 2009); Zantello v. Shelby Tp., 2007 WL 737723, *1 (E.D. Mich. March 7, 2007); Lahar v. Oakland Co., 2006 WL 2269340, *8 (E.D. Mich. Aug. 8, 2006).

The Magistrate Judge twice reviewed whether Plaintiff had a "special need" for

Parker's attendance at a neuropsychological exam, once in Defendant's motion to compel and again in Defendant's motion for relief under Rule 60(b)(6). The Court cannot say that the Magistrate Judge's resolution of that issue was clearly erroneous or contrary to law.

Plaintiff was adjudged legally incompetent in 1996 and has been under the care of a court-appointed Guardian ever since. (Doc. 51 Ex. D). Guardianship suggests Plaintiff has a "special need." See, King v. CSX Transp., Inc., 2007 WL 1585662 (E.D. Mich. June 1, 2007). Since the accident, Plaintiff suffers from frequent behavioral outbursts, has limited speech capabilities from aphasia, and has lived in a rehabilitation center for over a decade. (Doc. 51 Ex. G-I). The record shows that Parker routinely accompanied Plaintiff at various medical and dental procedures. (Doc. 49 Ex. C; Doc. 51 Ex. K at 8-9, Ex. J). She has a calming affect on Plaintiff. Without her presence, he becomes quickly agitated and is unwilling to accept treatment. Parker's attendance at the exam will help Plaintiff cooperate with Baker and is not designed to invalidate the results. The Court echoes the Magistrate Judge's warning that if Parker interferes with the examination, or otherwise acts inappropriately, Plaintiff runs the risk of being assessed costs for a failed examination.

The cases cited by Defendant are readily distinguishable and unpersuasive. (Doc. 49 at 6-8). The plaintiffs in those cases were not legally incapacitated, nor were any under the care of a Guardian. Also, the majority of those cases dealt with the issue of whether a plaintiff's *attorney* could attend the exam. Moreover, the excerpts of the testing manuals and journal articles cited by Defendant do not stand for the proposition that a third-party's presence categorically invalidates results. (Doc. 49 at 4-5). As the Magistrate Judge correctly noted, certain articles expressly provide that the examining neuropsychologist may allow a third-party observer depending on the individualized circumstances. See,

4

(Doc. 32 Ex. N at 4 "[B]oth NAN (National Academy of Neuropsychology) and AACN (American Academy of Clinical Neuropsychology) policy statements allow for the presence of family members during evaluations in certain circumstances (e.g. to exert a calming influence); however, the ultimate determination is made by the clinical neuropsychologist."). To the extent Defendant claims it cannot find a neuropsychologist who will perform the test, the Court suggests it expand the search.

### B. Plaintiff's Request For Dr. Kneiser's Examination Report.

Plaintiff asks the Court to compel Defendant to produce Dr. Kneiser's examination report at the end of his Response. (Doc. 51 at 7). This matter is not properly before the Court. If Plaintiff wants the report, he must file an appropriate motion and not bury such a request in a responsive brief. In any event, Defendant explains the Dr. Kneiser's report is not yet complete and has no objection to sending a copy to Plaintiff when it is finished. (Doc. 54 at 4).

### IV. CONCLUSION

For the reasons discussed above, Defendant's Objection (Doc. 49) is **OVERRULED**.


**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE


Dated:    February 28, 2011

**CERTIFICATE OF SERVICE**

    Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager
